# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**ST. JUDE MEDICAL, INC.,**<br><br>    Defendant. | CASE NO. 16-cv-06210-YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>**(DKT. NO. 28)** |

Plaintiff The Regents of the University of California ("the Regents") brings this patent infringement action against Defendant St. Jude Medical, Inc. ("SJM") alleging claims for contributory infringement and actively inducing infringement of two patents, United States Patent No. 6,164,283 ("the '283 Patent"), entitled "Device And Method For Forming A Circumferential Block In A Pulmonary Vein;" and United States Patent No. 6,502,576 ("the '576 Patent"), entitled "Device And Method For Forming A Circumferential Block In A Pulmonary Vein." (Dkt. No. 1, Complaint.) The patents describe a method used by physicians to treat irregular heart rhythms known as atrial fibrillation ("AFib"), and the Regents assert that the patented methods are now the "universally-adopted procedure" for treating AFib ("the Patented Method"). (Complaint ¶ 37.) The Regents allege that SJM has infringed on the patents by actively inducing and contributing to physicians' direct infringement by practicing the Patented Method. SJM has filed a motion to dismiss the contributory infringement claim in the complaint only.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **DENIES** the Motion to Dismiss the contributory infringement claim.

I. **APPLICABLE STANDARD**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

(citation omitted); *see also* Fed. R. Civ. P. 12(b)(6). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* at 679. Determining whether a complaint states a plausible claim for relief is a very "context-specific task" and requires the district court to analyze the facts alleged in the complaint, and any documents attached thereto, to determine whether a claim of contributory infringement is plausible. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citing *Iqbal,* 556 U.S. at 679).

In general, the Court "may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011) (quotations omitted). However, the Court may consider materials attached to the complaint and documents properly the subject of judicial notice. *Id.* at 999; *see also Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012).

## II. DISCUSSION

Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is used in practicing a patented process, is material to practicing the invention, and is not a "staple article . . . suitable for substantial non[-]infringing use." 35 U.S.C. § 271(c); *see In re Bill of Lading*, 681 F.3d at 1337. A product, or component of a product, that is "specially adapted for use in the patented process and with no substantial non-infringing use, would plainly be 'good for nothing else' but infringement," making its seller liable. *Ricoh Co. v. Quanta Computer, Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster*, 545 U.S. 913, 932 (2005)). A "staple" article of commerce "is one that was not specifically designed for use with a patented process [or combination] and has substantial, efficient, and feasible uses outside of the patent." *Mentor H/S, Inc. v. Medical Device Alliance, Inc.*, 244 F.3d 1365, 1379 (Fed. Cir. 2001). A substantial non-infringing use is one that is not unusual, occasional, or aberrant. *In re Bill of*

*Lading*, 681 F.3d at 1337 (citing *Vita–Mix Corp. v. Basic Holdings, Inc.,* 581 F.3d 1317, 1327–29 (Fed.Cir.2009)).

SJM argues that the Regents' contributory infringement claim must be dismissed because the Complaint fails to allege sufficient facts to establish that the SJM products identified in the claim have no substantial non-infringing use. Here, the Regents allege that SJM contributed to direct infringement by third-party physicians through its purposeful design, manufacture, and promotion of two particular types of devices that physicians use only in performing the Patented Method—looped mapping catheters and introducers—and identify a number of model names of such devices. (Complaint at ¶ 49.) The Complaint alleges in sufficient detail that these mapping catheters and introducers, including those models identified in each category, are essential, material parts of the system of hardware that enables performance of the Patented Method. (*Id.* at ¶¶ 47-50, 69, 70, 89.) It alleges that these products are designed specifically for use by physicians only to perform the Patented Method. (*Id.* at ¶¶ 49, 50, 70.) The Regents allege that the Patented Method is the universally-adopted method to treat AFib, such that descriptions in all these materials about use of the products to treat AFib cannot mean anything other than that they are being used to perform the Patented Method. (*Id.* at ¶¶ 37, 81.) And, finally, it alleges that SJM's marketing materials promote use of these products as being designed for the purpose of performing the Patented Method, and attaches examples the Regents contend are evidence that SJM characterizes the devices as specially designed to perform the method. (*See id.* ¶¶ 79, Exh. 5 at 8, Exh. 9 at 9.) These allegations are sufficient allege a plausible claim that the products identified have no substantial, non-infringing use. *See Mentor H/S*, 244 F.3d at 1379 (holding that statements in the defendant's manual that a certain instrument was specifically designed for use in the surgical method at issue was evidence that product was not a staple article).[1]

---

[1] While mere boilerplate recitations of the statutory language are insufficient to allege that the product has no substantial, non-infringing use, several courts post-*Iqbal* have noted the difficulty of pleading with greater specificity where plaintiff is essentially required to prove a negative, without the benefit of discovery. *See Iron Gate Sec., Inc. v. Lowe's Companies, Inc.*, No. 15-CV-8814 (SAS), 2016 WL 1070853, at *4 (S.D.N.Y. Mar. 16, 2016), *reconsideration denied,* No. 15-CV-8814 (SAS), 2016 WL 1446230 (S.D.N.Y. Apr. 11, 2016); *Conair Corp. v. Jarden Corp.*, No. 13-CV-6702 AJN, 2014 WL 3955172, at *4 (S.D.N.Y. Aug. 12, 2014) (collecting cases).

3

Contrary to SJM's contention, the Court cannot determine from the face of the Complaint and its exhibits that there are substantial non-infringing uses for these mapping catheters and introducers. While the documents attached to the complaint discuss SJM products and their functions, the Court cannot read into these documents to find, as a matter of law, that they perform functions other than parts of the Patented Method, and that such functions constitute substantial non-infringing uses. In particular, the parties provide conflicting interpretations and out-of-context arguments about the import of illustrations and statements in the SJM patient handbook attached as Exhibit 9. These conflicting interpretations serve only to demonstrate a dispute exists as to whether the identified products have other substantial, material uses, or only perform the Patented Method. These factual matters will need to be established through an evidentiary record after discovery, perhaps at summary judgment.

Accordingly, the Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

This terminates Docket No. 28.

Dated: May 30, 2017

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**