UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE REGENTS OF THE UNIVERSITY OF CALIFORNIA**,<br><br>Plaintiff,<br><br>v.<br><br>**ST. JUDE MEDICAL, INC.**,<br><br>Defendant. | Case No.: 16-CV-6210 YGR<br><br>**ORDER DIRECTING FURTHER SUBMISSION RE: DISCOVERY DISPUTE**<br><br>**DKT NO. 98** |
| **THE REGENTS OF THE UNIVERSITY OF CALIFORNIA**,<br><br>Plaintiff,<br><br>v.<br><br>**BOSTON SCIENTIFIC, CORP.**,<br><br>Defendant. | Case No.: 16-CV-6266 YGR<br><br>**DKT. NO. 86** |

The parties submitted their joint discovery letter on April 16, 2018, seeking resolution of the request for protective order by the Regents of the University of California ("Regents"). (Dkt. No. 98 in 16-cv-6210 YGR and Dkt. No. 86 in 16-cv-6266 YGR.) The Court **ORDERS** that the parties submit further information no later than Friday, **April 27, 2018**, for the reasons stated herein.

Initially the Court notes that the federal rules include limits on the scope of discovery based on considerations of proportionality. Rule 26 of the Federal Rules of Civil Procedure requires that the scope of permissible discovery be limited to any non-privileged matter that is:

> relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the

burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). The Northern District of California has approved Guidelines for the Discovery of Electronically Stored Information, revised to comport with amended Rule 26.[1] Though specifically directed to electronically stored information (ESI), the principles stated therein apply to civil discovery generally. Those Guidelines provide, in part:

> At all times, the discovery of ESI should be handled by the parties consistently with Fed. R. Civ. P. 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding."
>
> ∗∗∗
>
> To assure reasonableness and proportionality in discovery, parties should consider factors that include the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. To further the application of the proportionality standard, discovery requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

(Guidelines 1.01, 1.03.) In conjunction with the Guidelines, the Northern District approved and published a checklist related to discovery considerations, including proportionality, advising parties to take into account, among other things:

- The amount and nature of the claims being made by either party.
- The nature and scope of burdens associated with the proposed discovery.
- The likely benefit of the proposed discovery.
- Costs that the parties will share to reduce overall discovery expenses.
- Limits on the scope of preservation or other cost-saving measures.
- Whether there is relevant [information] that will not be preserved pursuant to Fed. R. Civ. P. 26(b)(1), requiring discovery to be proportionate to the needs of the case.
- Whether it is appropriate to conduct discovery in phases or limits on the time periods during which discoverable information was most likely created or received.

With these principles in mind, the Court requires further information to determine the discovery, and

---

[1] *See* https://www.cand.uscourts.gov/eDiscoveryGuidelines.

2

limits thereon, appropriate here, and clarification regarding the depositions sought by defendants.

First, the Court with respect to the depositions, defendants are directed to provide the following information in chart format: (1) identity of the proposed deponents; (2) which party noticed the deposition or if the party was jointly noticed; (3) the status of the deposition; (4) whether the deponent is among the witnesses recently disclosed in the Regents' amended disclosures; and (5) whether the non-noticing party has requested that the deposition transcript be shared with them. The Court is inclined to find that, to the extent deposition transcripts are to be shared, those depositions should count toward a parties' presumptive limit of ten for each defendant in each of the two unconsolidated cases.

Second, the Regents shall provide further information regarding the basis for their request to limit depositions and responsive documents to UCSF-affiliated facilities and doctors. Given that the Regents encompass multiple medical schools and teaching hospitals, limiting responses to one school or facility does not appear to have a valid basis. At the same time, requiring discovery as to all electrophysiologists at all UC-affiliated facilities appears to be excessive. Defendants must explain the scope of the discovery they seek and why that is reasonably necessary to the needs of their case, particularly in light of the Regents offer to stipulate that all UC-affiliated electrophysiologists teach and practice PVI for the treatment of AFib.

Third, the parties are directed to consider whether any phasing or similar discovery staging would be sensible as a means to resolve the disputes here.

The parties shall file a joint status statement of no more than **ten** pages addressed to these issues, no later than **April 27, 2018**. If necessary, the Court will schedule a conference thereafter.

**IT IS SO ORDERED.**

Dated: April 20, 2018

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3